**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREGORY CARBAJAL CASAS,<br><br>                Plaintiff,<br><br>    v.<br><br>RUDOLPH BREWER, JR. and<br>VIRGINIA TRANSPORTATION,<br>CORP.<br><br>                Defendants. | Civil Action No.: 1:21-cv-1902<br><br>**DEFENDANTS' ANSWER AND**<br>**AFFIRMATIVE DEFENSES** |

Defendants, Rudolph Brewer, Jr. ("Brewer") and Virginia Transportation Corp. (Virginia")(collectively referred to herein at times as "Defendants"), by way of Answer to Plaintiff's Complaint and Affirmative Defenses, hereby state as follows:

    1.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

    2.    Admit.

    3.    Deny.  Virginia is a Rhode Island corporation with a Rhode Island principal place of business.

    3. [sic] Deny.  Virginia is a Rhode Island corporation with a Rhode Island principal place of business.

    4.    Deny.  The allegation is ambiguous and not subject to an Answer.  Nevertheless, for the purposes of this Answer, Virginia admits it does business in the State of New York.

5. The allegation is ambiguous and not subject to an Answer. Nevertheless, for the purposes of this Answer, Virginia admits it does business in the State of New York.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Defendants deny the assertion inasmuch as it sets forth a legal conclusion and not a factual allegation. In addition, the allegation is vague and not subject to an Answer. As such, the Defendants deny the assertion made by Plaintiff in paragraph 15 of the Complaint.

16. Defendants deny the assertion inasmuch as it sets forth a legal conclusion and not a factual allegation. In addition, the allegation is vague and not subject to an Answer. As such, the Defendants deny the assertion made by Plaintiff in paragraph 16 of the Complaint.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Defendants deny the assertion inasmuch as it sets forth a legal conclusion and not a factual allegation. In addition, the allegation is vague and not subject to an Answer. As such, the Defendants deny the assertion made by Plaintiff in paragraph 21 of the Complaint.

22. Defendants deny the assertion inasmuch as it sets forth a legal conclusion and not a factual allegation. In addition, the allegation is vague and not subject to an Answer. As such, the Defendants deny the assertion made by Plaintiff in paragraph 22 of the Complaint.

23. Admit.

24. Admit.

25. Admit.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Defendants deny the assertion inasmuch as it sets forth a legal conclusion and not a factual allegation. In addition, the allegation is vague and not subject to an Answer. As such, the Defendants deny the assertion made by Plaintiff in paragraph 30 of the Complaint.

31. Defendants deny the assertion inasmuch as it sets forth a legal conclusion and not a factual allegation. In addition, the allegation is vague and not subject to an Answer. As such, the Defendants deny the assertion made by Plaintiff in paragraph 31 of the Complaint.

**WHEREFORE**, Defendants, and each of them, demand Plaintiff's Complaint be dismissed with prejudice and that Defendants, and each of them, be awarded fees and costs and any and all other such remedies and relief as the Court may deem just and proper.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff is guilty of comparative negligence, Defendants, and each of them, were free from negligence and Plaintiff was the cause or a substantial factor in the cause of the accident alleged.

### SECOND SEPARATE DEFENSE

Plaintiff assumed the risk of his actions.

### THIRD SEPARATE DEFENSE

Plaintiff's damages, if any, were paid by a collateral source.

### FOURTH SEPARATE DEFENSE

Plaintiff failed to mitigate damages.

### FIFTH SEPARATE DEFENSE

Plaintiff's injuries, if any, were pre-existing.

### SIXTH SEPARATE DEFENSE

Plaintiff failed to make proper observations and/or negligently operated his vehicle in such a way as to cause or contribute to the accident as alleged.

### SEVENTH SEPARATE DEFENSE

The complaint is time barred.

### EIGHTH SEPARATE DEFENSE

Service of process was not properly effectuated.

### NINTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the Laches, Waiver, Equity, Accord and Satisfaction, Estoppel and/or the Collateral Estoppel.

### TENTH SEPARATE DEFENSE

Neither Defendant was the actual or proximate cause of the damages as alleged in the Complaint.

### ELEVENTH SEPARATE DEFENSE

Neither Defendant owed a duty to Plaintiff and/or breached a duty owed to Plaintiff.

### TWELFTH SEPARATE DEFENSE

The damages as alleged were not caused by either Defendant and/or were caused by Plaintiff and/or a third-party over whom neither Defendants had no control nor a right of control.

### THIRTEENTH SEPARATE DEFENSE

The damages as alleged were caused by Plaintiff's failure to make proper observations and/or were caused by an open and obvious condition and/or exposed himself to a known open and obvious hazard.

### FOURTEENTH SEPARATE DEFENSE

Defendants and each of them, plead and assert all defenses pursuant to applicable statute pursuant to the motor vehicle laws of the State of New York.

### FIFTEENTH SEPARATE DEFENSE

Any and all actions of Defendant Brewer were taken under the course and scope of his employment with Defendant Virginia and therefore Defendant Brewer must be dismissed from the case with prejudice.

**WHEREFORE**, Defendants, and each of them, demand Plaintiff's Complaint be dismissed with prejudice and that Defendants, and each of them, be awarded fees and costs and any and all other such remedies and relief as the Court may deem just and proper.

Dated: Woodcliff Lake, NJ
April 15, 2021

Respectfully submitted,

*S/ William D. Bierman*
William D. Bierman, Esq.

*S/ Thomas C. Martin*
Thomas C. Martin, Esq.

tmartin@pricemeese.com
**PRICE, MEESE,**
**SHULMAN & D'ARMINIO, P.C.**
50 Tice Boulevard, Suite 380
Woodcliff Lake, New Jersey 07677
(T) 201-391-3737 : (F) 201-391-9360
Attorneys for Defendants, Virginia
Transportation, Corp. and Rudolph Brewer, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been filed and served via CM/ECF and/or via United States mail, postage prepaid, as applicable, this 15th day of April, 2021, upon:

Joseph Campisi, Esq.
Schwartz Goldstone Campisi & Kates, LLP
90 Broad Street
Suite 403
New York, New York 10004
Attorneys for Plaintiff

*S/ Thomas C. Martin*
Thomas C. Martin, Esq.

Dated: Woodcliff Lake, NJ
April 15, 2021